UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. **04-40204**

| | |
|---|---|
| **CHARTER COMMUNICATIONS ENTERTAINMENT I, LLC d/b/a CHARTER COMMUNICATIONS,**<br><br>**Plaintiff**<br><br>v.<br><br>**KATHLEEN CLEARY,**<br><br>**Defendant** | **DEFENDANT'S MOTION**<br><br>**TO DISMISS**<br><br>**PLAINTIFF'S COMPLAINT** |

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant, Kathleen Cleary, by and through her undersigned counsel, hereby requests this honorable Court to grant her Motion to Dismiss Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12 (b) (6) for failure to state a claim upon which relief can be granted. The defendant bases her motion upon the following:

1. Paragraphs 20 through 21 of plaintiff's Complaint allege that "business records seized or produced," in a proceeding unrelated to either party, "indicated that the Defendant ordered and purchased ... on or about May, 1999 a cable theft device."

2. Paragraph 22 of the plaintiff's Complaint alleges that if "the Defendant ordered, purchased, received and possesses, possessed, used or assisted other persons in the

use of a cable theft device . . . [then she] . . . effect[ed] the unauthorized reception and interception of [the plaintiff's] cable services."

3. Plaintiff's Complaint alleges mere culpability by association.

4. Plaintiff's Complaint fails to acknowledge that the alleged cable television box:

   (1) Was marketed legally within the normal stream of commerce;

   (2) Was not illegal to purchase via the normal stream of commerce; and,

   (3) Did not effect unauthorized reception and interception of cable television signals when tuned to authorized cable television signals.

5. Plaintiff's Complaint fails to allege even a single occurrence of the defendant's unauthorized reception and interception of the plaintiff's cable television signal. Ergo, plaintiff fails to allege even a single occurrence of the defendant's unauthorized reception and interception of the plaintiff's cable television signal utilizing the alleged cable television box for which they plead violation and relief under 47 U.S.C. §§ 553, 605.

6. Plaintiff's Complaint alleges that a legal transaction, occurring over five years ago, necessitates the conclusion that the defendant violated 47 U.S.C. §§ 553, 605 without any enumerated instance when the defendant:

   (1) Did in fact willfully use, or cause use of, the alleged cable television box to effect the unauthorized reception and interception of cable service;

(2) That the cable service to which the alleged cable television box was connected at the time of unauthorized use was that of the plaintiff, only one of several cable service providers within Massachusetts much less the United States as a whole; and,

(3) That any alleged unauthorized use transpired within the applicable statute of limitations for the plaintiff's cause of action.

7. Plaintiff's sole allegation that the defendant violate 47 U.S.C. §§ 553, 605 <u>with regard to the plaintiff's cable service</u> is based upon the mere fact that the defendant happens to reside within the plaintiff's limited coverage area.

Plaintiff's Complaint alleges culpability by association. Plaintiff's Complaint alleges wrongdoing on the part of the defendant, who is an irreversibly paralyzed C4 quadriplegic since 1984, without any specificity regarding the violation of 47 U.S.C. §§ 553, 605. Plaintiff's "fishing exposition" does not include even a scintilla of substance that the defendant infringed upon the plaintiff's cable service by violating 47 U.S.C. §§ 553, 605.

### **PRAYER FOR RELIEF**

WHEREFORE, the defendant, Kathleen Cleary, requests this Court to:

(1)  Dismiss the plaintiff's complaint with prejudice;

(2)  Award the defendant attorney fees and costs in defending this action; and,

(3)  Grant the defendant other relief as the Court determines is just and proper.

3

Dated at Pepperell, Massachusetts this 1st day of November, 2004.

                KATHLEEN CLEARY,

                By her Attorney,

                _____
                Ernest B. Sheldon, BBO #457360
                SHELDON LAW OFFICES, P.C.
                P. O. Box 254, 61 Main Street
                Pepperell, Massachusetts  01463-0254
                (978) 433-6400

Dated: November 1, 2004

## **CERTIFICATE OF SERVICE**

I, Ernest B. Sheldon, of Sheldon Law Offices, P.C., 61 Main Street, P.O. Box 254, Pepperell, Massachusetts 01463, attorney for the defendant, hereby affirm that on this 1st day of November, 2004, the plaintiff, Charter Communications Entertainment I, LLC d/b/a Charter Communications, was served notice of this document pursuant to Fed.R.Civ.P. 5 and that such notice was served via first class mail, postage pre-paid, through their attorney Christopher L. Brown, Esquire of Murtha Cullina LLP, 99 High Street, Boston, Massachusetts 02110.

Signed under the pain and penalty of perjury this 1st day of November, 2004.

Ernest B. Sheldon, BBO #457360
SHELDON LAW OFFICES, P.C.
P. O. Box 254, 61 Main Street
Pepperell, Massachusetts 01463
(978) 433-6400

CC:
Christopher L. Brown, Esquire
Murtha Cullina LLP
99 High Street
Boston, MA 02110