## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MASSACHUSETTS

**CIVIL ACTION NO. 04-40204**

| | |
|---|---|
| **CHARTER COMMUNICATIONS ENTERTAINMENT I, LLC d/b/a CHARTER COMMUNICATIONS,** | **DEFENDANT'S ANSWER** |
| **Plaintiff** | **AND** |
| v. | **JURY DEMAND** |
| **KATHLEEN CLEARY,** | |
| **Defendant** | |

## DEFENDANT'S ANSWER AND JURY DEMAND

Defendant, Kathleen Cleary, by and through her undersigned counsel, hereby files her Answer to plaintiff's Complaint and Jury Demand as follows:

## DEFENDANT'S FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim or cause of action upon which relief may be granted.

## DEFENDANT'S SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## DEFENDANT'S THIRD AFFIRMATIVE DEFENSE

The defendant Kathleen Cleary at all times exercised due care under the circumstances and acted in good faith and in accordance with reasonable and customary standards of consumer care.

## DEFENDANT'S FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join parties that are indispensable to the just adjudicating of this litigation.

## DEFENDANT'S FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

## DEFENDANT'S SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of assumption of risk.

## DEFENDANT'S SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## DEFENDANT'S EIGHTTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because their own negligence exceeded any negligence, which negligence is expressly denied, by the defendant Kathleen Cleary.

## DEFENDANT'S NINTH AFFIRMATIVE DEFENSE

At all relevant times defendant Kathleen Cleary acted reasonably and in good faith and with due care for the rights and safety of others.

## DEFENDANT'S TENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery, in whole or in part, or their claims are reduced in an appropriate amount, for their failure to mitigate their alleged damages, if any.

## DEFENDANT'S ELEVENTH AFFIRMATIVE DEFENSE

Defendant Kathleen Cleary is not responsible for any alleged adverse or potentially adverse impact on the plaintiff not known or foreseeable at the time any of the activities or omissions alleged in the Complaint occurred.

## DEFENDANT'S TWELVETH AFFIRMATIVE DEFENSE

With respect to the numbered paragraphs of the Complaint, the defendant answers as follows:

1.  The defendant Kathleen Cleary lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2.  The defendant Kathleen Cleary lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3.  The defendant Kathleen Cleary lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

4.  The defendant Kathleen Cleary lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5.  The defendant Kathleen Cleary lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6.  The defendant Kathleen Cleary lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7. The defendant Kathleen Cleary lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8. The defendant Kathleen Cleary admits that she "currently resides at 27 Prospect Street, Pepperell, Massachusetts," and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8 of the Complaint.

9. The defendant Kathleen Cleary lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10. The defendant Kathleen Cleary lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11. The defendant Kathleen Cleary lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12. The defendant Kathleen Cleary lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13. The defendant Kathleen Cleary lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14. The defendant Kathleen Cleary lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15. The defendant Kathleen Cleary lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

16. The defendant Kathleen Cleary lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17. The defendant Kathleen Cleary lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18. The defendant Kathleen Cleary lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

19. The defendant Kathleen Cleary lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

20. The defendant Kathleen Cleary lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.

21. The defendant Kathleen Cleary lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

22. The defendant Kathleen Cleary admits ordering, purchasing, receiving, and possessing a cable television box from Modern Electronics in or about May 1999 as follows:

    (1) The defendant is disabled, an irreversibly paralyzed C4 quadriplegic since 1984.

    (2) In order to accommodate her disability, the defendant requires a cable television box with handicapped accessible button controls on an immobile unit.

(3) The parameters required to fulfill this accommodation include access and control of a cable television box by the defendant while using a dowel clenched between the defendant's teeth.

(4) The defendant ordered a cable television box from Modern Electronics under the information and belief that it was legally advertised and sold within the normal stream of commerce and would accommodate her disability by providing button controls on an immobile unit's faceplate.

(5) Upon receiving a cable television box from Modern Electronics, the defendant discovered the handicapped accessible controls were not present.

(6) The defendant then caused the cable television box to be returned to Modern Electronics under the return authorization number 26170.

(7) A second cable television box was sent by Modern Electronics in an attempt to provide a suitable substitute.

(8) The defendant did not receive a cable television box from Modern Electronics suitable to accommodate her disability.

(9) The defendant denies the remaining allegations contained in paragraph 22 of the Complaint.

23. The defendant Kathleen Cleary denies the allegations contained in paragraph 23 of the Complaint.

24. The defendant Kathleen Cleary lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

6

25. The defendant Kathleen Cleary denies her conduct aggrieved the plaintiff. The defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 25 of the Complaint.

26. The defendant Kathleen Cleary denies the allegations contained in paragraph 26 of the Complaint.

27. The defendant Kathleen Cleary denies the allegations contained in paragraph 27 of the Complaint.

28. The defendant Kathleen Cleary denies the allegations contained in paragraph 28 of the Complaint.

29. The defendant Kathleen Cleary denies the allegations contained in paragraph 29 of the Complaint.

30. The defendant Kathleen Cleary denies the allegations contained in paragraph 30 of the Complaint.

31. The defendant Kathleen Cleary denies the allegations contained in paragraph 31 of the Complaint.

32. The defendant Kathleen Cleary denies the allegations contained in paragraph 32 of the Complaint.

33. The defendant Kathleen Cleary denies the allegations contained in paragraph 33 of the Complaint.

34. The defendant Kathleen Cleary denies the allegations contained in paragraph 34 of the Complaint.

35. The defendant Kathleen Cleary denies the allegations contained in paragraph 35 of the Complaint.

## DEFENDANT'S JURY DEMAND

Defendant, Kathleen Cleary, by and through her undersigned counsel, respectfully demands a trial by jury of all issues so triable pursuant to Fed.R.Civ.P. 38.

Dated at Pepperell, Massachusetts this 1st day of November, 2004.

KATHLEEN CLEARY,

By her Attorney,

Ernest B. Sheldon, BBO #457360
SHELDON LAW OFFICES, P.C.
P. O. Box 254, 61 Main Street
Pepperell, Massachusetts 01463-0254
(978) 433-6400

Dated:  November 1, 2004

8

## CERTIFICATE OF SERVICE

I, Ernest B. Sheldon, of Sheldon Law Offices, P.C., 61 Main Street, P.O. Box 254,

Pepperell, Massachusetts 01463, attorney for the defendant, hereby affirm that on this 1st

day of November, 2004, the plaintiff, Charter Communications Entertainment I, LLC

d/b/a Charter Communications, was served notice of this document pursuant to

Fed.R.Civ.P. 5 and that such notice was served via first class mail, postage pre-paid,

through their attorney Christopher L. Brown, Esquire of Murtha Cullina LLP, 99 High

Street, Boston, Massachusetts 02110.

Signed under the pain and penalty of perjury this 1st day of November, 2004.

Ernest B. Sheldon, BBO #457360
SHELDON LAW OFFICES, P.C.
P. O. Box 254, 61 Main Street
Pepperell, Massachusetts 01463
(978) 433-6400

CC:
Christopher L. Brown, Esquire
Murtha Cullina LLP
99 High Street
Boston, MA  02110